Allow, J.
This is an action of tort for personal injuries suffered by the plaintiff as a result of eating a portion of an apple pie manufactured by the defendant. The facts material to the question of the defendant’s liability do not appear to be in dispute. For the purpose of considering the principal issue raised by the report it is sufficient to state the following:
The plaintiff purchased an apple pie at a variety store which was supplied with pies by the defendant manufacturer ; that on the day she purchased this pie she ate a piece of it and later became ill; that thereafter it was discovered that the apple pie was “sour, soggy, mouldy, under the crust, with a growth of mould about % inch in thickness covering the under upper pie crust and entire top of the apple filling and the inside of the lower crust”;* that the plaintiff’s doctor diagnosed her ailment as acute food poisoning; that the defendant manufactured the pie which the plaintiff had purchased; that the defendant makes deliveries to the variety store three times a week and takes *83 back all unsold pies which the storekeeper or his clerk gives to its driver.
The defendant was under no contractual duty to the plaintiff. She had purchased the pie from a third person. To recover the plaintiff must prove that her illness was caused by the defendant’s negligence. The fact that a pie becomes mouldy does not necessarily mean that there was negligence in its manufacture. Negligence of the storekeeper in handling the pie while in his control cannot be disregarded as a possible factor in bringing this pie to its ultimate decomposed condition. While the defendant was under the obligation to take back all unsold pies, the duty of giving them to the driver was upon the storekeeper or his clerk. Aside from all this there is no evidence as to when the particular pie which caused the illness was delivered by the defendant’s driver to the storekeeper from whom the plaintiff purchased it. In this respect this situation differs from that in Bergantino v. General Baking Co., 1937 Adv.. Sh. 1131, where there was evidence that the pie in question had been delivered by the driver of the manufacturer on the same day that the plaintiff had purchased it. It is a matter of common knowledge that atmospheric conditions and age cause mould. Whether the pie had been in the control of the storekeeper for á day or more would be important in establishing whether the pie had reached its harmful state before reaching him or after. No evidence is disclosed in this report with respect to this important element. To impose liability on the manufacturer without eliminating the intervening storekeeper as a factor in the creation of the situation leading to the plaintiff’s illness would be to expose the manufacturer to liability without fault. The defendant’s request that the evidence requires a finding for the defendant should have been granted.
Finding for plaintiff to be vacated. Judgment for defendant.

 Actual words appearing in report.